UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID GUSTAVO RIVERA ORELLANA,

                              Petitioner,

              v.                                              **ORDER**
                                                             26-CV-0574-SJB
KRISTI NOEM et al.,

                              Respondents.
-----------------------------------------------------------------X
**BULSARA, United States District Judge:**

Petitioner David Gustavo Rivera Orellana ("Rivera Orellana" or "Petitioner"), a

citizen of El Salvador who has lived in the United States for over three years, and came

here as a minor, was arrested on February 2, 2026, by U.S. Immigration and Customs

Enforcement ("ICE") officers.  (Pet. for Writ of Habeas Corpus filed Feb. 2, 2026 ("Pet."),

Dkt. No. 2 ¶¶ 5, 7, 12; Resp'ts' Letter filed Feb. 3, 2026 ("Resp'ts' Letter"), Dkt. No. 5 at

2).  He filed a petition for a writ of habeas corpus with this Court that same day.  (Pet.).

Rivera Orellana has an approved I-360 petition for Special Immigrant Juvenile Status,

originally filed in 2025, and has not been issued a final order of removal.  (*See* Pet. ¶ 10;

Decl. of Jason Mascia dated Feb. 3, 2026, Dkt. No. 6 ¶¶ 8, 19).  Respondents identify no

criminal history associated with Petitioner.  For the reasons explained below, the writ is

granted.

The Government has filed an opposition to Petitioner's writ that suggests that

the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 1–3), despite

the fact that Petitioner has been in the United States since March 2022, (Pet. ¶ 5).  The

Government's position is that someone is subject to removal and detention under

Section 1225(b)(2), as someone who is "seeking admission" to the United States, notwithstanding that they have been living here for months, if not years.  Court after court, judge after judge, in district after district has rejected this argument.  *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225.  In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts.  The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United

States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Respondents concede that before this Court they have no new arguments to present to warrant the detention of this Petitioner, except the recycled arguments that hundreds of decisions and judges have rejected over and over again, and as such "cannot prevail in this action." (Resp'ts' Letter at 3). In contrast to this tidal wave of cases, they offer only a few isolated decisions going the other direction and note that the Court of Appeals is considering a handful of cases, (*id.* at 2 n.3, 3 n.5), but otherwise submit that the Court can decide this matter without further briefing, (*id.* at 3).

The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under § 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.

The writ is granted. Respondents are directed to effectuate Petitioner's release by **February 4, 2026 at 2:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time. Respondents are enjoined from detaining Petitioner absent further direction from this Court. The Court concludes that the Petition's other bases for granting the writ are now moot and unnecessary to resolve.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: February 3, 2026
Central Islip, New York

3